IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA          :
                                       :        Criminal No. 22-033-1
                                       :

v.                                        :

                                       :

JOSEPH PAUL BERGER            :

                                       :

Defendant                              :

DEFENDANT'S MOTION FOR PRETRIAL RELEASE

Joseph Paul Berger, by his counsel undersigned, respectfully requests that the Court reconsider the decision of Magistrate Judge Carlos and provide for pretrial release with appropriate conditions:

1. Defendant Joseph P. Berger is 33 years of age and a naval veteran who had been steadily employed as a machinist prior to his incarceration. Defendant is from the Bethlehem Pennsylvania area and, other than his naval career, had lived in the area for his whole life.

2. Defendant had resided with his father, Joseph R. Berger, and his mother, Dolores Berger at their home in Bethlehem for approximately 10 years prior to his incarceration. Defendant is believed to have a close relationship with his parents.

3. Defendant has no prior criminal record, he has no mental health diagnosis and no history of drug or alcohol abuse.

4.  All of Defendant's property is located in the Bethlehem, PA area. Defendant has no ties to other areas of the United States or to other countries.

5.  It is alleged that Joseph P. Berger and his father Joseph R. Berger unlawfully converted a dozen fuel filters/solvent traps into firearms silencers. It is further alleged that the Bergers unlawfully converted thirteen firearms into fully automatic weapons.

6.  This alleged conduct was discovered in January 2021 through an execution of a search warrant at the Berger home. The search warrant was reportedly based on the interception of fuel filters/solvent traps that were shipped from China to the Bergers. According to government experts, the fuel filters/solvent traps were designed to be readily converted into unlawful silencers.

7.  There is no indication that these firearms and silencers were ever used to threaten or harm any individual.

8.  Defendant was present and was fully aware of the execution of the search warrant. Throughout 2021, the Defendant was also fully aware that there was a continuing investigation and that he was likely to be criminally charged. Defendant retained this counsel several weeks after the search warrant was executed so that he would be ready to address the charges that were likely to be filed.

9.  Defendant was aware that his sister was subpoenaed to testify before the Grand Jury in respect to a potential indictment of him. Nevertheless, Defendant remained working at the same job and living at the same residence. Defendant made no effort to conceal his identity or whereabouts or leave the jurisdiction.

10. On February 7, 2022, Defendant was taken into custody as to these charges, arraigned before The Honorable Pamela A. Carlos and entered a plea of not guilty to the instant indictment.

11. Defendant was originally detained at Lehigh County Prison and was then transferred to the Federal Detention Center in Philadelphia. Defendant remains in custody in the Federal Detention Center.

12. On February 10, 2022 a detention hearing occurred before Judge Carlos. At the time of the hearing, U.S. Pretrial Services recommended that Defendant be released with a number of conditions including home detention.

13. The U.S. Attorney's Office opposed pretrial release and filed a memo summarizing their opposition.

14. In their memo, the U.S. Attorney's office pointed out a podcast called the "Alt-Right Armory" that was allegedly made by this Defendant. There appear to have only been 6 episodes of the podcast that were ever made. One of those episodes appears to be missing.

15. In those podcasts, an individual that the government identifies as this Defendant does make a number of bigoted remarks, he also speaks favorably about the actions of Eric Frein and suggests that it would be appropriate to shoot or kill left-leaning politicians as well as individuals in law enforcement. As the Court may recall, Eric Frein murdered Pennsylvania State Trooper Bryon Dickson in 2014.

16. While this counsel does not endorse any of those remarks, it is important to note that those remarks were made in late 2017 or early 2018. Since that time, there is no indication that the Defendant ever acted on any of those remarks and no indication that the Defendant ever took any steps to actualize what had been discussed.

17. This Counsel does not believe that the speech in the podcast is in violation of any Pennsylvania or Federal law. Moreover, while some would characterize the speech as reprehensible, reprehensible speech is protected under the United States Constitution.

18. The U.S. Attorney also argued that the possession of a 3-D printer by Defendant in some way implicated criminal activity. While it is certainly possible to print firearms components via a 3-D printer, the printing of those components is not per se illegal under Pennsylvania or Federal law. While legislatures continue to struggle with the issue of 3-D printed firearms, it does remain lawful to print and utilize those firearms in many cases. There is no indication that the 3-D printer was ever used to print firearms components or was used in any unlawful way. If released, Defendant would agree not to possess or utilize a 3-D printer.

19. At the conclusion of the February 10, 2022 hearing, Magistrate Judge Carlos ordered that the Defendant continue to be detained.

20. Since the time of the detention hearing, Defendant has negotiated in good faith to resolve these charges. Discussions with the U.S. Attorney are ongoing and, at present, a plea appears likely.

21.  As noted previously, Defendant has a close relationship with his mother. This counsel was previously aware that Defendant's mother had some health conditions.

22. On April 7, 2022, Defendant's mother notified this counsel that she had seen her doctor on April 6, 2022. At that time, Defendant's mother found that her lung cancer had progressed and her lungs were functioning at about 50% capacity. She has been coughing up blood and has been having issues with blood clots. She asked her doctor to give her a prognosis, the doctor was unable to provide one. This Counsel believes that Defendant's mother's condition is genuinely quite serious. Defendant's mother will testify and provide supporting documentation at any hearing on this issue.

23. It is anticipated that Defendant is likely to receive years of incarceration. It is also expected that Defendant's mother will not survive to see him complete his incarceration.

24. On April 7, 2022, this counsel did contact AUSA Carissimi to get his position on this petition. At this time, AUSA Carissimi has not responded, however, it is anticipated that that Government will oppose Defendant's release.

25. This counsel is requesting that this Court permit pretrial release of the Defendant, so that he can have appropriate time with his mother.

26. This counsel requests that the court impose release conditions in accordance with the recommendation of Pretrial services, namely:

   a. Report as directed to Pretrial Services

   b. Defendant shall remain under the 3rd party custody of his sister, Michelle Berger.

   c. The Defendant shall submit to location monitoring with GPS under Home Detention at the following address: 1019 Rockland Street in Bethlehem, PA 18017.

   d. Surrender/do not apply for a passport

   e. Travel restricted to the Eastern District of Pennsylvania unless approved in advance by pretrial services.

   f. Surrender/do not possess firearms/dangerous weapons. Specifically, the defendant is not to possess any firearms parts, machines that may create firearms/parts or ammunition. This would include 3-D printers.

   g. No contact with victims, witness or co-defendants involved in the case. Defendant may have contact with his Father and Mother, but they may not discuss the current federal case.

WHEREFORE, it is requested that a hearing be held in the near future and that Defendant

be released with reasonable pretrial release conditions.


Respectfully requested



_____/s/_____

Eric Winter

Prince Law Offices
646 Lenape Road

Bechtelsville, PA 19505

Attorney ID 84200

610-845-3803

IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF
PENNSYLVANIA

UNITED STATES OF AMERICA          :

         :    Criminal No. 22-033-1

         :

v.          :

         :

JOSEPH PAUL BERGER          :


         :

Defendant          :


CERTIFICATE OF CONCURRENCE/NON-CONCURRENCE

I, Eric Winter, Esquire, certify that I have left a message for AUSA Anthony Carissimi about this

petition, but have not received a response at the time of filing. Based on the Government's prior

position, it is anticipated that they will not concur.


        Respectfully submitted


        _____/s/_____
        Eric Winter
        Prince Law Offices
        646 Lenape Road
        Bechtelsville, PA 19505
        Attorney ID 84200
        610-845-3803