# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **CRIMINAL NO. 22-33-02** |
| | : | |
| **JOSEPH PAUL BERGER** | : | |

## GOVERNMENT'S MOTION FOR JUDGMENT AND
## PRELIMINARY ORDER OF FORFEITURE

The United States of America, by and through its attorneys, Jacqueline C. Romero, United States Attorney for the Eastern District of Pennsylvania, Sarah L. Grieb, Assistant United States Attorney, Chief, Asset Recovery and Financial Litigation Unit, and Anthony J. Carissimi, Assistant United States Attorney, respectfully requests entry of a Judgment and Preliminary Order of Forfeiture, and, in support of this motion, the United States represents as follows:

1.      On February 1, 2022, Joseph Paul Berger was charged in an Indictment with possession of a machinegun, in violation of 18 U.S.C. § 922(o) (Count One); possession of a non-registered firearm (machinegun), in violation of 26 U.S.C. §§ 5845(a)(6), 5861(d), and 5871 (Count Two); and possession of a non-registered firearm (suppressor), in violation of 26 U.S.C. §§ 5845(a)(6), 5861(d), and 5871 (Count Three).

2.      The Indictment also contained a Notice of Forfeiture. The Notice of Forfeiture alleged that the defendant shall forfeit certain property, pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), as a result of his violation of 18 U.S.C. § 922(o) (Count One); and pursuant to 26 U.S.C. § 5872, as a result of his violations of 26 U.S.C. § 5861(d) (Counts Two and Three).

3.      The defendant entered into a Guilty Plea Agreement whereby he agreed, inter alia, to plead guilty to Counts One and Three of the Indictment. The defendant further agreed not to contest forfeiture as set forth in the Notice of Forfeiture.

4.      The defendant has also agreed, pursuant to Fed. R. Crim. P. 32.2(b)(4), that this Preliminary Order of Forfeiture shall become final as to the defendant prior to his sentencing.

5.      On February 28, 2024, the defendant pleaded guilty at his change of plea hearing to Counts One and Three of the Indictment, pursuant to the Guilty Plea Agreement.

6.      As a result of his guilty plea, the defendant is required, pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), to forfeit criminally any firearms and ammunition involved in or used in the violation charged in Count One of the Indictment; and, pursuant to 26 U.S.C. § 5872, to forfeit criminally any firearm involved in the violation charged in Count Three of the Indictment.

7.       Based on the facts set forth at the defendant's change of plea hearing, those set forth in the Guilty Plea Agreement, and those set forth in the record as a whole, the government avers that the following specific property is subject to forfeiture as a result of the defendant's guilty plea to the illegal acts alleged in Counts One and Three of the Indictment, and that the government has established the requisite nexus between such property and such offenses:

a.      **One (1) I.O. Inc., model Casar, 7.62x39mm caliber machinegun, bearing serial number 015218;**

b.      **One (1) I.O. Inc., model Sporter, 7.62x39mm caliber machinegun, bearing serial number 024495;**

c.      One (1) I.O. Inc., model Casar, 7.62x39mm cailber machinegun, bearing serial number 015322;

d.      One (1) I.O. Inc., model Casar, 7.62x39mm cailber machinegun, bearing serial number 015170;

e.      One (1) I.O. Inc., model Casar, 7.62x39mm cailber machinegun, bearing serial number 015330;

f.      One (1) I.O. Inc., model Sporter, 7.62x39mm caliber machinegun, bearing serial number 024497;

g.      One (1) I.O. Inc., model Casar, 7.62x39mm caliber machinegun, bearing serial number 015269;

h.      One (1) RomArm, model AES 10B, 7.62x39mm caliber machinegun, bearing serial number VR24951976;

i.      One (1) Century Arms, model C308 Sporter, .308 Winchester caliber machinegun, bearing serial number C308E05131;

j.      One (1) Century Arms, model C308 Sporter, .308 Winchester caliber machinegun, bearing serial number C308E10500;

k.      One (1) Nodak Spud, model NDS-M92, 7.62x39mm caliber machinegun, bearing serial number V000450;

l.      One (1) MKE, model Z5-P, 9mm Luger caliber machinegun, bearing serial number T0624-15BK01915;

m.      One (1) MKE, model Z5-P, 9mm Luger caliber machinegun, bearing serial number T0624-15BK02008;

n.    One (1) six inch black colored solvent trap firearm silencer, with no serial number;

o.    One (1) six inch black colored solvent trap firearm silencer, with no serial number;

p.    One (1) six inch black colored solvent trap firearm silence, with no serial number;

q.    One (1) firearm silencer constructed from a black and orange colored Fram oil filer, with no serial number;

r.    One (1) firearm silencer constructed from a black colored oil filter, with no serial number;

s.    One (1) firearm silencer constructed from a Super Tech ST3506 oil filter, with no serial number;

t.    One (1) firearm silencer constructed from a black colored oil filter, with no serial number;

u.    One (1) firearm silencer constructed from a black colored oil filter, with no serial number;

v.    One (1) firearm silencer constructed from a black colored oil filter, with no serial number;

w.    One (1) firearm silencer constructed from a black colored oil filter, with no serial number;

x.    One (1) firearm silencer constructed from a black colored oil filter, with no serial number; and

**y.     One (1) firearm silencer constructed from an orange colored Fram PH3976A oil filter, with no serial number,**

as firearms involved in or used in the defendant's violation of the aforesaid offense alleged in Count One of the Indictment; and/or firearms involved in the defendant's violation of the aforesaid offense alleged in Count Three of the Indictment (hereinafter referred to as the "Subject Property").

8.     Pursuant to Fed. R. Crim. P. 32.2(b)(1)(A), "[a]s soon as practical after a verdict or finding of guilty, or after a plea of guilty or nolo contender is accepted … the court must determine what property is subject to forfeiture under the applicable statute." Fed. R. Crim. P. 32.2(b)(1)(A). When the government seeks forfeiture of specific property, "the court must determine whether the government has established the requisite nexus between the property and the offense;" when the government seeks a forfeiture money judgement, "the court must determine the amount of the money that the defendant will be ordered to pay". Id. The Court's determination may be based on "evidence already in the record … and on any additional evidence or information submitted by the parties and accepted by the court as relevant and reliable." Fed. R. Crim. P. 32.2(b)(1)(B). "Unless doing so is impractical, the court must enter the preliminary order sufficiently in advance of sentencing to allow the parties to suggest revisions or modifications before the order becomes final as to the defendant under Rule 32.2(b)(4)." Fed. R. Crim. P. 32.2(b)(2)(B). The preliminary order of forfeiture becomes final as to the defendant at sentencing, or earlier if the defendant consents. Fed. R. Crim. P. 32.2(b)(4)(A).

9.     Pursuant to Rule 32.2(b)(2)(B), for the reasons stated above, the government requests that this Court enter the attached Judgment and Preliminary Order of

- 5 -

Forfeiture. The government further requests that it be permitted, in its discretion, to serve the Judgment and Preliminary Order of Forfeiture directly on the defendant, or if the defendant is represented, upon the defendant's counsel, and on any person known to have an interest in the Subject Property.

10.     The government requests authority to conduct discovery, in accordance with Fed. R. Crim. P. 32.2(b)(3) and 21 U.S.C. § 853(m), to identify, locate, and dispose of property subject to forfeiture and to address any third-party claims.

11.     The government requests authority to seize the Subject Property described above, if not already in the government's custody or subject to a restraining order, if necessary to protect the interests of the United States in the property, pursuant to 21 U.S.C. § 853(g).

12.     The government requests authority to undertake publication of the forfeiture order, once the government seizes the specific property identified in Paragraph 7 above, and notify potential third-party claimants, pursuant to Fed. R. Crim. P. 32.2(b)(3), (b)(6) and (c)(1)(B) and 21 U.S.C. § 853(n)(1).

For the reasons stated above, the government requests that this Court enter the attached Order.

Respectfully submitted,

JACQUELINE C. ROMERO
United States Attorney

*/s/ Sarah L. Grieb*
SARAH L. GRIEB
Assistant United States Attorney
Chief, Asset Recovery and Financial Litigation


/s/ *Anthony J. Carissimi*
ANTHONY J. CARISSIMI
Assistant United States Attorney


Date:    June 10, 2024

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL NO. 22-33-02 |
| | : | |
| JOSEPH PAUL BERGER | : | |

**ORDER OF FORFEITURE**

IT IS HEREBY ORDERED THAT:

1.      As a result of defendant Jospeh Paul Berger's guilty plea as to Count One of the Indictment, charging him with possession of a machinegun, in violation of 18 U.S.C. § 922(o) (Count One), the defendant is required to forfeit criminally any firearms and ammunition involved in or used in such violation, pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c).

Further, as a result of the defendant's guilty plea as to Count Three of the Indictment, charging him with possession of a non-registered firearm (suppressor), in violation of 26 U.S.C. §§ 5845(a)(6), 5861(d), and 5871 (Count Three), the defendant is required to forfeit criminally any firearms involved in such offense, pursuant to 25 U.S.C. § 5872.

2.      All firearms and ammunition involved in or used in the defendant's violation of 18 U.S.C. § 922(o), are forfeited to the United States.

3.      All firearms involved in the defendant's violation of 26 U.S.C. §§ 5845(a)(6), 5861(d), and 5871, are forfeited to the United States.

4.      The Court has determined, based on the facts set forth at the change of plea hearing, those set forth in the Guilty Plea Agreement, and those set forth in the record as a whole, that the following specific property is subject to forfeiture as a result of the defendant's guilty plea to the illegal acts alleged in Counts One and Three of the Indictment, that the

government has established the requisite nexus between such property and such offenses, and that the following property is forfeited to the United States:

a.    **One (1) I.O. Inc., model Casar, 7.62x39mm caliber machinegun, bearing serial number 015218;**

b.    **One (1) I.O. Inc., model Sporter, 7.62x39mm caliber machinegun, bearing serial number 024495;**

c.    **One (1) I.O. Inc., model Casar, 7.62x39mm cailber machinegun, bearing serial number 015322;**

d.    **One (1) I.O. Inc., model Casar, 7.62x39mm caliber machinegun, bearing serial number 015170;**

e.    **One (1) I.O. Inc., model Casar, 7.62x39mm caliber machinegun, bearing serial number 015330;**

f.    **One (1) I.O. Inc., model Sporter, 7.62x39mm caliber machinegun, bearing serial number 024497;**

g.    **One (1) I.O. Inc., model Casar, 7.62x39mm caliber machinegun, bearing serial number 015269;**

h.    **One (1) RomArm, model AES 10B, 7.62x39mm caliber machinegun, bearing serial number VR24951976;**

i.    **One (1) Century Arms, model C308 Sporter, .308 Winchester caliber machinegun, bearing serial number C308E05131;**

j.    **One (1) Century Arms, model C308 Sporter, .308 Winchester caliber machinegun, bearing serial number C308E10500;**

k.      One (1) Nodak Spud, model NDS-M92, 7.62x39mm caliber machinegun, bearing serial number V000450;

l.      One (1) MKE, model Z5-P, 9mm Luger caliber machinegun, bearing serial number T0624-15BK01915;

m.      One (1) MKE, model Z5-P, 9mm Luger caliber machinegun, bearing serial number T0624-15BK02008;

n.      One (1) six inch black colored solvent trap firearm silencer, with no serial number;

o.      One (1) six inch black colored solvent trap firearm silencer, with no serial number;

p.      One (1) six inch black colored solvent trap firearm silence, with no serial number;

q.      One (1) firearm silencer constructed from a black and orange colored Fram oil filer, with no serial number;

r.      One (1) firearm silencer constructed from a black colored oil filter, with no serial number;

s.      One (1) firearm silencer constructed from a Super Tech ST3506 oil filter, with no serial number;

t.      One (1) firearm silencer constructed from a black colored oil filter, with no serial number;

u.      One (1) firearm silencer constructed from a black colored oil filter, with no serial number;

      v.       **One (1) firearm silencer constructed from a black colored oil filter, with no serial number;**

      w.      **One (1) firearm silencer constructed from a black colored oil filter, with no serial number;**

      x.      **One (1) firearm silencer constructed from a black colored oil filter, with no serial number; and**

      y.      **One (1) firearm silencer constructed from an orange colored Fram PH3976A oil filter, with no serial number,**

as firearms involved in or used in the defendant's violation of the aforesaid offense alleged in Count One of the Indictment; and/or firearms involved in the defendant's violation of the aforesaid offense alleged in Count Three of the Indictment (hereinafter referred to as the "Subject Property").

      4.      Pursuant to Fed. R. Crim. P. 32.2(b)(4), the Preliminary Order of Forfeiture may be made final as to the defendant, prior to his sentencing and shall be made part of the sentence and included in the judgment. See *United States v. Bennett*, 423 F.3d. 271 (3d Cir. 2005) (to be effective, a forfeiture order must be included in sentence and judgment).

      5.      Upon entry of this Order, the Attorney General or a designee is authorized to seize any specific property subject to forfeiture that is identified in this Order, pursuant to Fed. R. Crim. P. 32.2(b)(3).

      6.      Upon entry of this Order, the Attorney General or a designee, pursuant to Fed. R. Crim. P. 32.2(b)(3) and 21 U.S.C. § 853(m), is authorized to conduct any discovery to identify, locate, and dispose of property subject to this Order and to address any third-party

claims, including depositions, interrogatories, requests for production of documents, and subpoenas pursuant to Fed. R. Civ. P. 45.

7.    Pursuant to 21 U.S.C. § 853(n)(1), and Rule G(4) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, made applicable pursuant to Fed. R. Crim. P. 32.2(b)(6)(c), the United States Government shall put notice on an official internet government forfeiture site (www.forfeiture.gov) for 30 consecutive days, notice of the government's intent to dispose of the Subject Property in such manner as the Attorney General may direct, and notice that any person, other than the defendant, having or claiming a legal interest in any of the property subject to this Order must file a petition with the Court within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier.

This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Subject Property, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in each of the forfeited properties and any additional facts supporting the petitioner's claim, and the relief sought.

8.    The United States shall also, pursuant to 21 U.S.C. § 853(n)(1), to the extent practicable, provide direct written notice to any person known to have alleged an interest in the property that is subject to the Judgment and Preliminary Order of Forfeiture, and to their attorney, if they are represented, as a substitute for published notice as to those persons so notified.

9.    Any person, other than the defendant, asserting a legal interest in the Subject Property may, within thirty days of the final publication of notice or receipt of notice,

whichever is earlier, petition the Court for a hearing without a jury to adjudicate the validity of

his alleged interest in the Subject Property, and for an amendment of the order of forfeiture,

pursuant to 21 U.S.C. § 853(n)(6).

        10.    Following the disposition of any motion filed under Fed. R. Crim. P.

32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance

with the Federal Rule of Civil Procedure upon showing that such discovery is necessary or

desirable to resolve factual issues.

        11.    The United States shall have clear title to the Subject Property following

the Court's disposition of all third-party interests.

        12.    The Court shall retain jurisdiction to enforce this Order, and to amend it as

necessary, pursuant to Fed. R. Crim. P. 32.2(e).

        13.    The Clerk of the United States District Court for the Eastern District of

Pennsylvania shall deliver a copy of this Judgment and Preliminary Order of Forfeiture

to counsel for the parties.


ORDERED this ___ day of _____, 2024.


_____

**HONORABLE JOSEPH F. LEESON, JR.**
**United States District Court Judge**

- 6 -

## <u>CERTIFICATE OF SERVICE</u>

I certify that a copy of the Government's Motion for Order of Forfeiture and

proposed Forfeiture Order have been filed electronically in the Clerk's Office Electronic Case

Filing (ECF) system and are available for viewing and downloading from the ECF system, and

that a true and correct copy of the motion and proposed order were served upon counsel for the

defendant by electronic filing, as follows:

**Susan M. Lin, Esquire**
Kairys, Rudovsky, Messing, Feinberg & Lin, LLC
The Cast Iron Building
718 Arch Street
Suite 501 South
Philadelphia, PA 19106
215-925-4400
slin@krlawphila.com
*Counsel for Defendant Joseph Paul Berger*



/s/ *Anthony J. Carissimi*
ANTHONY J. CARISSIMI
Assistant United States Attorney


Date: June 10, 2024